UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY SCOTT,

    Plaintiff,

v.                                                        Case No. 14-cv-12385

KIM WORTHY,

    Defendant.

                                                   /

**OPINION AND ORDER GRANTING MOTION TO DISMISS
AND DENYING MOTION TO STRIKE**

Pending before the court are a Motion to Dismiss, filed by Defendant Kim [sic][1] Worthy on August 11, 2014 (Dkt. # 10) and a Motion to Strike Defendant's Motion to Dismiss and Grant Plaintiff's Motion for Leave to File an Amended Complaint, filed by Plaintiff Harry Scott on August 26, 2014 (Dkt. # 11). Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Defendant's motion and deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, brought this action on June 18, 2014 against Defendant in connection with his arrest on May 24, 2012.[2] Plaintiff alleges that his

---

[1]The correct spelling of the Wayne County Prosecutor's name is Kym L. Worthy. *See Wayne County Prosecutor Home*, http://www.waynecounty.com/prosecutor (last visited Oct. 22, 2014).

[2]The complaint originally alleged that the arrest took place on June 26, 2012, but in his Motion for Leave to File an Amended Complaint, Plaintiff acknowledges that May 24, 2012 is the correct date.

"arrest was illegal and . . . violate[d] [his] fourth, fifth [Amendment rights] and Due process [rights]" and that it constituted "false imprisonment." (Dkt. # 1.) The court construes this action as being brought under 42 U.S.C. § 1983.

The circumstances surrounding Plaintiff's arrest, as described by Defendant in her Motion to Dismiss can be considered because the court may take judicial notice of public records. On March 29, 2012 Ms. Atarah Ware filed a petition for an *ex parte* personal protection order against Plaintiff, which was granted that day. (Dkt. # 10-1 Pg. ID 38.) On April 25, 2012, Ware filed a motion to show cause why Plaintiff should not be held in contempt of the PPO, which the court granted, directing Plaintiff to appear on May 21, 2012. (Dkt. # 10-1 Pg. ID 46–49.) When Plaintiff did not appear, a warrant was issued for his arrest on May 22, 2012. (Dkt. # 10-1 Pg. ID 57.) Plaintiff was arrested on May 24, 2012. *See supra* note 2. On September 17, 2012, Plaintiff pled guilty to aggravated stalking and was sentenced to twelve months imprisonment[3] with an additional four years of probation on October 4, 2012. (Dkt. # 10-1 Pg. ID 60.) The Michigan Court of Appeals denied Plaintiff's application for leave to appeal on January 8, 2013. (Dkt. # 10-1 Pg. ID 63.)

## II. STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations. Federal Rule of Civil Procedure 8(a)(2)

---

[3]Plaintiff was eligible for early release conditioned on completion of a domestic violence program, but did not complete the program. *See* Dkt. # 65 Pg. ID 65 (noting that Plaintiff "failed to complete the 12 weeks of Anger Management"). It is unclear how much, if any, of his term Plaintiff completed, but he remains on probation until October 4, 2017.

requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In order to survive a motion to dismiss, the complaint must allege "[f]actual allegations . . . enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, the court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Carrier Corp. v. Outokumu Oyj*, 673 F.3d 430, 400 (6th Cir. 2012). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. DISCUSSION

Plaintiff's claim fails because Defendant enjoys absolute prosecutorial immunity. "[A] prosecutor is entitled to absolute immunity when he acts 'within the scope of his duties in initiating and pursuing a criminal prosecution.'" *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). Even assuming Defendant or a member of her office made a false statement to obtain to the bench warrant—and Plaintiff has not alleged that any statement at all was made, false or otherwise—no remedy would be available under § 1983. The rationale behind such a policy is to prevent "harassment by unfounded litigation [that] would cause a deflection of the prosecutor's energies from [her] public duties." *Imbler*, 424 U.S. at 423.

"Although absolute immunity 'leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty,' 'the broader public interest' would be disserved if defendants could retaliate against prosecutors who were doing their duties." *Adams*, 656 F.3d at 401–02 (quoting *Imbler*, 424 U.S. at 427).

Seemingly acknowledging that his suit targeted the wrong defendant, Plaintiff apparently seeks to amend the complaint to name officer "D. Miller of the major crime unit alon[g] with his partner" as defendants. (Dkt. # 11, Pg. ID 68). Such an amendment would be futile, as the officers had no part in obtaining the bench warrant; they simply executed it. "[I]t is well-established that law enforcement officials have authority to enter a residence in order to execute an arrest warrant if there is probable cause to believe the person named in the warrant is inside." *United States v. Collins*, 359 F. App'x 639, 641 (6th Cir. 2010) (citing *United States v. Hardin*, 538 F.3d 404, 410 (6th Cir. 2008). This is true whether the arrest warrant is for the commission of a felony or, as is the case here, it is a bench warrant. *Id.* Plaintiff does not allege that the officers did not have probable cause to believe he would be located at his residence. The officers thus had authority to enter his residence and arrest him.

An attempt to sue the judicial officer who issued the bench warrant would run into the barrier of judicial immunity. *See DiPiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) ("It is well-settled in this Circuit that the issuance of an arrest warrant is a judicial act for judicial immunity purposes.") Plaintiff cannot successfully maintain a suit

against any of the state actors (representing the universe of potential § 1983 defendants) here.[4]

Plaintiff's motion to strike, pursuant to Fed. R. Civ. P. 12(f), is without merit. He claims "[t]he matter is Scandalous because on May 7, 2012, at a hearing Harry Scott v Atarah Ware docket #12-104728-pp barred by res judicat[a] and collateral estoppel[]. Well establish state and federal law." (Dkt. # 11, Pg ID. 68). Federal R. Civ. P. 12(f) provides that "Upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff has identified no part of Defendant's motion that is redundant, immaterial, impertinent, or scandalous. If Plaintiff is claiming that the inclusion of his criminal history is scandalous and somehow barred by res judicata, he is mistaken. He invited the introduction of this publically available information by calling

---

[4]Plaintiff's claim may well be barred by *Heck v. Humphry*. 512 U.S. 477 (1994). *Heck* holds that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 486–87 (footnote omitted). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* Granting relief under § 1983 would necessary imply that his conviction was invalid. The Sixth Circuit has not squarely addressed whether the *Heck* bar applies to a former prisoner who could have, but did not, bring a habeas claim challenging his conviction. *Harrison v. Michigan*, 722 F.3d 768, 774 (6th Cir. 2013). However, earlier nonprecedential authority suggests that "*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Portis v. Michigan Department of Corrections*, 82 F. App'x 457, 459 (6th Cir 2003) (quoting *Crow v. Perry*, 102 F.3d 1086, 1087 (10th Cir. 1987)). Because Plaintiff's probation would necessarily be called into question if he obtained the relief he seeks here, his claim would be barred if this reasoning applied.

his arrest into question. The relevance of his record is clear. The motion to strike is denied.

### IV. CONCLUSION

IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Grant Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. # 11) is DENIED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 30, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\14-12385.SCOTT.MotiontoDismiss.ml.wpd